IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LANCE R. GORDON and RONI A. GORDON,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW WEST HEALTH SERVICES,<br><br>Defendant. | CV-15-24-GF-BMM<br><br>**AMENDED<br>FINAL APPROVAL ORDER** |

The Court entered its Final Approval Order (Doc. 165) on October 18, 2018. The parties thereafter noted errors in its order via their Joint Motion to Correct errors in the Final Approval Order (Doc.166). Good cause has been shown for the necessity of correcting the Final Approval Order. Therefore, the Court has changed the Final Approval Order to correct the errors noted by the parties' motion.

**WHEREAS,** on June 4, 2018, the Court entered an Preliminary Approval Order regarding the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Doc. 154);

**WHEREAS,** pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was

notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Fairness Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement, including the payment of attorneys' fees and costs to Class Counsel, are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing all claims asserted in this action entitled *Gordon et al v. New West Health Services et al*, United States District Court, District of Montana, Great Falls Division, Case No. 4:15-cv-00024-BMM (the "Action"), on the merits, with prejudice, and without leave to amend;

**WHEREAS,** a Final Approval Hearing was held on September 27, 2018. Class Counsel submitted to the Court that Class Members were notified of their right to appear at the Final Approval Hearing in support of, or in opposition to, the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of the Incentive Award. The Court directed Class Counsel to notify class members who had opted out of the case (Doc. 161.) Class Counsel filed a Notice to the Court on September 28, 2018, confirming the class member's decision to opt out. (Doc. 163.)

**NOW, THEREFORE,** the Court, having heard the presentation of Class Counsel and counsel for Defendant New West Health Services et al, having

reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT CONCLUDES AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and determines that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4. There are no objections and one opt out to the Settlement.

5. The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All beneficiaries of ERISA benefit plans insured and administered by New West in Montana from 2006 to 2012 who made application for inpatient/residential alcohol and/or substance abuse treatment in Montana and who were denied said benefits by New West (in whole or in part) on the ground that said treatment was not medically necessary.

The Court has been informed that there are approximately 28 members of the Settlement Class (Doc. 150 at 4.)

7. The Court determines that the plan for Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances; provided due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the Final Approval Hearing; and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

8. The Settlement Agreement is, in all respects, fair, reasonable and adequate, and is in the best interests of the Settlement Class. The Settlement Agreement is therefore approved.

9. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

10. Within the time period set forth in the Settlement Agreement, the cash distributions provided for in the Settlement Agreement shall be paid to the various Settlement Class members pursuant to the terms and conditions of the Settlement Agreement.

11. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally, and forever released, relinquished, and discharged New West and the Released Parties from all claims that were or could have been asserted in the Action, as specified in the Settlement Agreement.

12. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal, or jurisdiction, asserting any claims released pursuant

to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of, or in addition to, those provided by the Settlement Agreement.

13. The terms of this settlement shall not be deemed an admission of liability or fault by New West or by any other person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by New West. The proposed Settlement Stipulation shall not be a concession and shall not be used as an admission of any fault or omission by New West or any other person. Neither the terms of the Settlement Stipulation nor any related document shall be offered or received into evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the terms of the Settlement Stipulation. New West may file this Order, however, in any action that may be brought against New West in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Class Counsel requested an award of attorneys' fees and costs from the common fund created herewith. The Court hereby grants Class Counsel an

award of reasonable Attorney's Fees in the amount of $65,250 and Costs in the amount of $4,198.49.

16. The Settlement provided for a Class Representatives' Service Fee of $5,000. (Doc.150-1, ¶7.2) The Court hereby grants the Class Representatives' Service Fee of $5,000.

16. Class Counsel also filed a motion to Restrict Access to Doc. 157-1 with no objection by Defense counsel. (Doc. 158.) The Court hereby grants Class Counsel's Motion to Restrict Access to Doc. 157-1.

17. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

DATED this 23rd day of October, 2018.

_____
Brian Morris
United States District Court Judge